Rosana K. Pace and Another, Plaintiffs, *v.* Brooklyn & Queens Transit Corporation, Defendant.*

Supreme Court, Special Term, Kings County, September 16, 1940.

*William A. Hyman,* for the plaintiffs.

*William C. Chanler, Corporation Counsel,* for the defendant.

Nova, J. This is an action for personal injuries alleged to have been sustained by the plaintiff Rosana K. Pace, on or about April 16, 1940, at or near the intersection of Twenty-first street and Fifth avenue, in the borough of Brooklyn, as a result of what is claimed to have been the negligence of the motorman of the trolley car.

On June 1, 1940, the city of New York, under a plan of unification for public ownership and control of railroads and transit corporations, acquired the properties and franchises of the defendant railroad company, and the question is: Have the plaintiffs the right

* See, also, *Smerling* v. *Brooklyn & Queens Transit Corp.* (175 Misc. 154).— [Rep.

to an examination before trial since the city of New York took over the aforesaid properties of the defendant? That the plaintiffs are not entitled to an examination before trial of a municipal corporation as an adverse party is well settled under the decisions, but the defendant in this case is not a municipal corporation. The defendant railroad company's corporate existence was not terminated but survives the operation of the unification agreement and still continues. The city of New York has not become and cannot be substituted as the defendant. Under the provisions of the unification agreement, the city of New York, as part consideration for the transfer by the defendant railroad company of its assets, assumed the latter's liability for all tort claims against it, and the corporation counsel has undertaken the defense thereof on behalf of the defendant railroad company. This merely means that if the plaintiffs are successful in their action against the defendant railroad company, the city will pay whatever judgment plaintiffs may recover. It does not operate to substitute the city of New York as a defendant in the action.

The plaintiffs were not parties to the unification agreement. No agreement between the city of New York and the railroad company, to which they are not parties, can divest them of their rights to maintain their action against the railroad company or deny them the right to prosecute a judgment obtained in that action by execution against the property and assets of the railroad company, or otherwise, if the judgment be not paid. Therefore, it follows that the plaintiffs' right to an examination before trial of the defendant railroad company survives the operation of the unification agreement and that they cannot be divested of that right merely becaues a municipal corporation succeeds to the ownership and operation of the railroad properties after the plaintiffs' right of action accrues.

The city of New York contends that the motorman is no longer employed by the railroad company and that, therefore, he is a former employee, and under the rule of law he cannot be examined. However, that rule of law must be deemed flexible to the extent that it must be considered in conjunction with the provisions of section 288 of the Civil Practice Act wherein the granting of an examination before trial of an employee as a witness is provided for where " other special circumstances render it proper that his deposition should be taken." Special circumstances surely exist in this matter to warrant the examination. The motorman who operated the car is still employed in similar operation of the railroad by the city. There is no change in the nature of his employment. His personal observations, conduct and acts associated with the operation of the trolley car immediately preceding and at the time of the accident

are peculiarly within his personal knowledge. Since he is charged with responsibility for the happening of the accident because of his negligence, his interests are naturally adverse to those of the plaintiffs. Plaintiffs, therefore, should not be deprived of their right to examine the motorman in their action against the defendant railroad company wherein no change occurred in the nature of the motorman's employment by the railroad company merely because the city acquired the assets of the railroad company since the plaintiffs' cause of action accrued. The city of New York having assumed the railroad company's liability in the action, it should be deemed to have accepted with it plaintiffs' procedural rights against the defendant railroad company in its prosecutions and the equities of the situation demand that both the railroad company and the city should be estopped and prevented from denying or depriving the plaintiffs of those rights.

Motion granted.